UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22682-LFL

M&M PRIVATE LENDING GROUP, LLC,

    Plaintiff,

v.

JBBA HOLDINGS LLC, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Remand (ECF No. 4). This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11.[1] Defendants have not filed a response to the Motion, and the time to do so has passed. Having considered the Motion, the Notice of Removal (ECF No. 1), and the public record filings of the underlying Florida state court foreclosure action, the undersigned respectfully recommends that Plaintiff's Motion for Remand (ECF No. 4) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**I.   BACKGROUND**

Plaintiff, M&M Private Lending Group, LLC, filed a complaint to foreclose on the mortgage at issue here in April of 2023 in the Eleventh Judicial Circuit Court in Miami-Dade

---

[1] Because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to reassign this case to a District Judge of this Court.

County, Florida (ECF No. 1 at 4-13). Plaintiff asserted claims for foreclosure and breach of the guaranties. Final Judgment was entered in Plaintiff's favor in April of 2024, though the judgment was vacated and later reinstated in September of 2024, apparently on the Parties' agreement. (ECF No. 4 at 21). The state court record indicates that Defendants did not appeal the final judgment. They sought relief in bankruptcy; however, an Order issued on April 15, 2025 by United States Bankruptcy Judge Lopez-Castro clarified that the foreclosure sale of the property at issue was excepted from any stay in the state court proceedings.

On June 13, 2025, two of the Defendants in the underlying state foreclosure action, Abelardo Bautista ("A. Bautista") and JBBA Holdings LLC. ("JBBA"), proceeding *pro se*, removed the action to this Court. Defendants' Notice of Removal invokes this Court's jurisdiction under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. The purported grounds for removal is predicated on Defendants' claims that Plaintiff violated their rights under the FDCPA. The Notice further avers that though Plaintiff and Defendants are all domiciled in Florida, "[c]omplete diversity is met." (ECF No. 1 at 2).

Plaintiff moved to remand the same day the case was removed. (ECF No. 4). As previously noted, Defendants have not responded to the Motion or otherwise participated in this suit since removing to Federal Court.

**II.    APPPLICABLE LEGAL STANDARDS**

A defendant is permitted to remove a case from state court to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441. This includes actions where the federal court has diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between the plaintiff and all defendants and an amount in controversy

2

exceeding $75,000. In addition, under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotations omitted). Thus, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

## III.   DISCUSSION

Defendants have not established federal jurisdiction by demonstration of either federal question or diversity jurisdiction. *See generally* 28 U.S.C. §§ 1331, 1332. Although Defendants assert that this Court has federal question jurisdiction based on alleged violations of the FDCPA, no federal question is presented by the allegations in the Complaint in the underlying state foreclosure action. Rather, the Complaint in the underlying state foreclosure action asserts claims arising under Florida law to foreclose on a mortgage and for breach of the guaranties. "The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The Court can find no grounds for jurisdiction on the face of Plaintiff's Complaint in the state court foreclosure action.[2]

---

[2] Removal here suffers from procedural defects as well. Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." The Defendants waited 648 days after being served with the initial pleading in the underlying state court foreclosure action to serve their Notice of Removal. Notwithstanding the untimeliness of the filing, this Court does not remand this action based on these procedural defects, but rather on the Court's lack of subject-matter jurisdiction.

Additionally, although Defendants allege that "[c]omplete diversity is met," Defendants have not properly alleged diversity jurisdiction in the Notice of Removal. In Defendant's Notice of Removal (ECF No. 1) and Plaintiff's Motion for Remand (ECF No. 4), the Parties allege that Plaintiff is a limited liability company whose member is domiciled in the state of Florida, and that Defendant A. Bautista is domiciled in the state of Florida. Additionally, Defendant alleges that JBBA is a Delaware corporation domiciled in Florida. Accordingly, there is no diversity jurisdiction.[3]

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Remand (ECF No. 4) be **GRANTED**, and that this case be **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[4] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in this Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds

---

[3] Moreover, diversity jurisdiction will not support removal if any of the properly joined defendants are citizens of the state in which the suit was originally filed. *See* 28 U.S.C. § 1441(b). Defendants herein allegedly reside in Florida.

[4] As set forth in Rule 4(b) of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 11th Cir. R. 3-1.

  **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 15th day of July, 2025.

                        _____
                        LAUREN F. LOUIS
                        UNITED STATES MAGISTRATE JUDGE